**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01061-RBJ

UNIVERSITY CORPORATION FOR ATMOSPHERIC RESEARCH,

     Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION;
BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation;
NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION;
NEIL JACOBS, in his official capacities as Under Secretary of Commerce for Oceans and Atmosphere and Administrator of the National Oceanic and Atmospheric Administration;
UNITED STATES DEPARTMENT OF COMMERCE;
HOWARD LUTNICK, in his official capacity as Secretary of Commerce;
UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, and
RUSSELL VOUGHT, in his official capacity as Director of the United States Office of Management and Budget,

     Defendants.

---

**PLAINTIFF'S MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY IN SUPPORT OF PRELIMINARY INJUNCTION**

---

Plaintiff University Corporation for Atmospheric Research (UCAR) respectfully moves this Court for an order: (1) setting an expedited briefing and hearing schedule on UCAR's concurrently filed Motion for Preliminary Injunction; and (2) authorizing limited discovery in support of the preliminary injunction motion pursuant to Fed. R. Civ. P. 26(d)(1).

The parties have conferred prior to the filing of this motion.

**I.     EXPEDITED BRIEFING AND HEARING SCHEDULE.**

D.C.COLO.LCivR 7.1(d) excludes preliminary injunction motions filed under Fed. R. Civ. P. 65 from the standard 21-day response period, leaving the schedule to the Court's

discretion. UCAR requests that the Court set a schedule affording Defendants 10 days to respond to UCAR's motion and allowing UCAR 4 days after that to file its reply.

\* \* \*

Preliminary injunction proceedings are expedited by their nature. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[G]iven the haste that is often necessary if [the parties' relative] positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits."). Courts in this district regularly set compressed briefing schedules on preliminary injunction motions, exercising their "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). *See, e.g.*, *Core Progression Franchise LLC v. O'Hare*, 2021 WL 1329024, at \*2 (D. Colo. Mar. 10, 2021) (setting 5-day response deadline and 2-day reply deadline); *Harley's Hope Found. v. Harley's Dream*, 2022 WL 824415, at \*1 (D. Colo. Mar. 18, 2022) (same).

Good cause supports an expedited schedule here. As detailed in UCAR's Complaint and its preliminary injunction motion, the National Science Foundation (NSF) has announced its decision to divest UCAR of its stewardship of the NCAR-Wyoming Supercomputing Center (NWSC) and transfer that stewardship to another party. *See* Compl. ¶¶ 54, 104; Prelim. Inj. Mot. at 4. Evidence that the decision has been made and the transfer is moving forward expeditiously includes:

- February 12, 2026 letter from NSF's Kapua Hatch to NCAR Director Everette Joseph. Hatch wrote: "NSF has decided to transfer stewardship of the NCAR-Wyoming Supercomputer [sic] Center." Decl. of Everette Joseph ("Joseph Decl."), Ex. B at 1.

MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION

- February 23, 2026 email from NSF's Steven Ellis to NCAR Director Everette Joseph, copying NSF's Carrie E. Black. Ellis wrote: "I am backing up [NSF's] Carrie Black on NCAR oversight and working on the transfer of NWSC activities to UWYO [University of Wyoming] (or an alternate third party managing entity if necessary)." Joseph Decl., Ex. C at 1. Ellis also demanded extensive information and data to facilitate the transfer. *Id.* at 1-2.

- March 11, 2026 meeting with NSF's Steven Ellis and Carrie Black. Ellis confirmed to UCAR and NCAR officials that the NWSC transfer decision "is a decision made" and demanded a faster response to his information and data requests. When asked to explain "the time pressure" and "urgency," Mr. Ellis responded: "NSF is putting pressure on us to get this done quickly. I need this information yesterday." Joseph Decl. ¶¶ 31-32.

Meanwhile, despite having made its decision to divest UCAR of its NWSC stewardship, NSF has not disclosed its timeline to complete the transfer. The Sword of Damocles remains dangling. An expedited schedule is necessary to prevent the impending, irreparable harm

An expedited schedule also would be fair. Though the Complaint detailed multiple adverse actions targeting UCAR and NCAR, the preliminary injunction motion is narrowly focused on just one of those actions: the NWSC divestment. Moreover, consistent with this Court's rules, UCAR's brief supporting its preliminary injunction motion is limited to 15 pages. Defendants should not require an extended period of time to prepare a comparably concise response. Accordingly, UCAR proposes the following schedule:

- **Defendants' Response:** April 13, 2026

- **UCAR's Reply:** April 17, 2026

MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION

- **Hearing:** April 27, 2026, or as soon thereafter as the Court's calendar permits.

## II.    LIMITED DISCOVERY.

Federal Rule of Civil Procedure 26(d)(1) authorizes discovery before the Rule 26(f) conference "when authorized . . . by court order." This Court exercises "broad discretion" to "alter the timing, sequence and volume of discovery," and good cause for expedited discovery "may be satisfied where a party seeks a preliminary injunction." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). In evaluating such requests, courts consider: "(1) whether a preliminary injunction is pending; (2) how far in advance of the typical discovery process the request was made; (3) the purpose for requesting the expedited discovery; (4) the breadth of the discovery requests; (5) the burden on the defendants to comply with the requests." *Colo. Mont. Wyo. State Area Conference of the NAACP v. U.S. Election Integrity Plan*, 2022 WL 1443057, at *2 (D. Colo. May 6, 2022); *see also Qwest Commc'ns*, 213 F.R.D. at 419-21 (analyzing same considerations); *Sirio v. Stancil*, 2026 WL 184583, at *4 (D. Colo. Jan. 23, 2026) (granting expedited discovery in support of response to preliminary injunction motion).

UCAR seeks to propound two narrowly tailored document requests to demonstrate the retaliatory link between the federal government's attacks on Colorado's sovereignty and the agencies' decision to divest UCAR . Such evidence will corroborate that UCAR is likely to succeed on its claim that Defendants' decision to divest UCAR of its stewardship of the NWSC was unconstitutionally motivated. Under *Department of Commerce v. New York*, 588 U.S. 752, 756 (2019), courts scrutinize agency motivations and reject agency decisions where "the evidence tells a story that does not match the explanation the [agency] gave for [its] decision."

MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION

The internal agency communications sought here are uniquely in Defendants' possession and cannot be obtained through any other means.

Accordingly, UCAR requests that the Court require Defendants to produce a limited set of documents on or before the deadline for Defendants' response to UCAR's preliminary injunction motion. Specifically, UCAR seeks just two categories of documents from just three custodians for a period of just over four months, as follows:

1) All documents and communications from December 1, 2025 to the present that were sent or received by Kapua Hatch, Steven E. Ellis, or Carrie E. Black, concerning the decision to transfer stewardship, operations, or maintenance of the NCAR-Wyoming Supercomputing Center, including any rationale, justification, or analysis supporting the transfer decision;

2) All documents and communications from December 1, 2025 to the present that were sent or received by Kapua Hatch, Steven E. Ellis, or Carrie E. Black to or from any official or employee at the University of Wyoming.

Each of the five factors supports the requested discovery. *First*, a preliminary injunction is pending; UCAR files this motion simultaneously with its preliminary injunction motion. *Second*, Plaintiff seeks discovery at the earliest possible stage, having filed these requests simultaneously with its preliminary injunction motion only weeks after filing its Complaint. *Third*, the purpose is to demonstrate unlawful agency motivation—which would decisively violate the Administrative Procedure Act. *Fourth*, the requests are narrow: UCAR seeks only documents from a limited number of custodians over a short period of time related to a specific subject. *Fifth*, the burden on Defendants is minimal. In addition to the narrowness of the

MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION

requests, no depositions are sought, and Defendants will presumably need to collect and review the communications UCAR seeks in order to respond to the preliminary injunction motion. Defendants should not require more than 10 days to produce the requested documents.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court enter an order (1) setting the proposed briefing and hearing schedule set forth above and (2) requiring Defendants to produce documents responsive to the two requests set forth above within 10 days of the Court's order.

Dated:  April 3, 2026                                    HUESTON HENNIGAN LLP


By:    /s/ Bram M. Alden
          Michael M. Purpura
          Bram M. Alden
          Austin P. Reagan
          Emilie A. Miner
          620 Newport Center Dr., Suite 1300
          Newport Beach, CA 92660
          Telephone: (949) 432-6906
          mpurpura@hueston.com
          balden@hueston.com
          areagan@hueston.com
          eminer@hueston.com

MOTION FOR EXPEDITED BRIEFING SCHEDULE AND LIMITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION MOTION