**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01061-RBJ

UNIVERSITY CORPORATION FOR ATMOSPHERIC RESEARCH,

 Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION, *et al.*,

 Defendants.

---

**DEFENDANTS' MOTION TO SET DEFAULT SCHEDULE TO BRIEF PLAINTIFF'S
MOTIONS FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED
DISCOVERY (ECF 18, 19)**

---

At 8:42 p.m. Eastern Time today, April 3, 2026, Plaintiff University Corporation for Atmospheric Research ("UCAR") filed a Motion for Preliminary Injunction and (subsequently) a supporting "Motion for Expedited Briefing Schedule and Limited Discovery." ECF 18 (Pl.'s Mot. for PI); ECF 19 (Pl.'s Mot. for Expedited Briefing & Discovery). Plaintiff requests that the Court afford Defendants only 10 calendar days to respond to its Motion for Preliminary Injunction (less than half the default timeframe for motion responses). Pl.'s Mot. for Expedited Briefing & Discovery at 2, 3. It further demands that, in the same 10-day timeframe, Defendants identify, collect, review, and produce "[a]ll documents and communications" spanning two broad categories, including electronically stored information ("ESI"), from multiple custodians, despite making only vague gestures at the immediate relevance of such information. *Id.* at 5, 6.

Plaintiff's proposed schedule is not necessary, because the alleged harm at issue in their Motion for Preliminary Injunction is facially not so imminent that an immediate response and

extensive document production are required. Nor is Plaintiff's schedule practicable, given the complexity of the issues raised in the Motions; the fact that Plaintiff elected to file their Motions at night on Good Friday and during Passover; and due to undersigned counsel's long-scheduled leave (including international travel) for half of the putative 10-day briefing—and expedited discovery—period. For these reasons, discussed in greater detail below, Defendants respectfully request that the Court allow them the default timeframe—21 days—to oppose Plaintiff's Motions for Preliminary Injunction and for Expedited Briefing Schedule and Limited Discovery (insofar as that motion seeks discovery) (ECF 18, ECF 19), and ask that the Court exercise its inherent authority to stay any discovery requests in the interim. Local Civ. R. 7.1(d).[1] This is Defendants' first such request. Plaintiff opposes it.

Defendants respectfully request that the Court consider this Motion on an expedited basis.

## I.      There Is No Need to Brief the Preliminary Injunction, or Discovery Demand, on an Expedited Timeframe.

Plaintiff filed this lawsuit on March 16, 2026. ECF 1 (Compl.). Plaintiff challenges, in five claims under the Administrative Procedure Act ("APA"), "the federal government's desire to

---

[1] Local Rule 7.1(d) states, in relevant part:

> Excluding motions filed under Fed. R. Civ. P. 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion. ***The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response*** (emphasis added).

Contrary to Plaintiff's assertion, nothing in this Local Rule categorically "excludes preliminary injunction motions filed under Fed. R. Civ. P. 65 from the standard 21-day response period." Pl.'s Mot. for Expedited Briefing & Discovery at 1–2. Rather, Rule 7.1(d) excludes preliminary-injunction motions only from the requirement to state under which rule or statute the motion is filed.

punish the State of Colorado for exercising sovereign powers reserved to it by the Constitution." *Id.* ¶ 107; *see id.* ¶¶ 105–31 (Counts 1–5). Plaintiff UCAR manages the National Center for Atmospheric Research ("NCAR"), a Federally Funded Research and Development Center ("FFRDC"). *Id.* ¶ 2. UCAR and NCAR are headquartered in Boulder. *Id.* ¶ 7. At issue in Plaintiff's Motion, and accompanying demand for discovery, is the National Science Foundation's ("NSF") alleged decision to "transfer stewardship, operation, or maintenance" of the NCAR-Wyoming Supercomputing Center ("NWSC"), a "supercomputing facility" in Cheyenne, Wyoming that UCAR manages. *E.g.*, *id.* ¶¶ 8(a), 51, 117; *see also* Pl.'s Mot. for PI at 1, 5. NSF's alleged decision "with respect to the NWSC" was supposedly "finaliz[ed]" more than seven weeks ago, on or before February 12, 2026. Compl. ¶¶ 54, 56; Pl.'s Mot. for PI at 4, 7.

Plaintiff does not explain its decision to wait more than four weeks to file suit and approximately three more weeks to seek emergency relief from the alleged February decision. In any case, even if there were a final decision, Plaintiff does not explain how it would be physically possible to "transfer stewardship, operation, or maintenance" of a Supercomputing Center within a matter of days (indeed, it has not happened despite Plaintiff's allegation that a final decision issued more than seven weeks ago). Defendants respectfully submit that, on the face of Plaintiff's Complaint and Motions, the default briefing schedule (*see* Local Civil Rule 7.1(d)) is appropriate.[2]

---

[2] Seven days ago, Plaintiff agreed (and proposed) that the default response schedule would be appropriate. Namely, Plaintiff's counsel wrote in a March 27, 2026, email to the undersigned: "[W]e intend to file a motion next week seeking a preliminary injunction to prevent any further implementation of NSF's decision to divest UCAR or NCAR of any of their rights or responsibilities with respect to the NWSC. We will also ask that the Court authorize limited discovery in support of that motion *and set a briefing schedule whereby Defendants have three weeks to file their response*, UCAR then has one week to file its reply, and a hearing is set for one week after that." **Ex. A** (emphasis added). It is unclear what—if anything—has changed since then.

**II.    It Is Not Practicable for Defendants to Prepare a Substantive Response to Plaintiff's Motion and Produce ESI Discovery in 10 Days.**

Plaintiff filed its Motions for Preliminary Injunction and for Expedited Discovery long after the close of business today, April 3, which is Good Friday. Sunday is the Easter Holiday, and Passover is ongoing until next Thursday, April 9. Both of Defendants' undersigned counsel—Ms. Kies and Mr. Severance—have preexisting travel plans (one of them international) from Saturday, April 4 through Wednesday, April 8. It is not practicable for Defendants to prepare a thorough response to Plaintiff's Motion for Preliminary Injunction, which may raise issues surrounding the Court's jurisdiction, and to assess and respond to Plaintiff's expedited discovery demands, which include "[a]ll documents and communications" on two broad topics, from three custodians, in the five calendar days between April 9 and April 13.

Indeed, while Defendants will brief their opposition to Plaintiff's request for expedited discovery in full via a separate pleading, even an initial review of their Motion makes clear that no such discovery is warranted—and certainly not on the proposed 10-day timeframe. "Courts are justifiably skeptical of parties that seek preliminary injunctive relief without sufficient support and then rely on the Court's discovery processes to support their claims that they are clearly and unequivocally entitled to the drastic relief of a preliminary injunction." *Colo. Mont. Wyo. State Area Conf. of the NAACP v. U.S. Election Integrity Plan*, 2022 WL 1443057, at *3 (D. Colo. May 6, 2022). Accordingly, "[c]ases where a plaintiff may require expedited discovery to meet its burden of proof to obtain a preliminary injunction are 'expected to be rare.'" *Id.* at *1–2 (quoting *Avaya, Inc. v. Acumen Telecom Corp.*, 2011 WL 9293, at *3 (D. Colo. Jan. 3, 2011)).

This is not one of them.

Plaintiff's Complaint is brought exclusively under the APA. APA claims are reviewed on an administrative record. 5 U.S.C. § 706. Discovery is generally inappropriate in APA cases—and as discussed above, expedited discovery is generally disfavored. In response to this double-presumption against discovery, Plaintiff offers only a citation to *Department of Commerce v. New York*, 588 U.S. 752, 756 (2019), *see* ECF No. 19 at 5, that notes that discovery *may* be warranted under certain situations.  But the circumstance that the *Commerce* Court identified was a situation where the administrative record had first been produced—and only then, after the administrative record was properly completed. *See* 588 U.S. at 782 ("We agree with the Government that the District Court should not have ordered extra-record discovery when it did. At that time, the most that was warranted was the order to complete the administrative record."). Here, there is no administrative record. Plaintiff's attempt to put the cart before the horse has no basis.

Moreover, even on their face, 10 days to complete these requests is unwarranted. The requests seek custodial records from either one or three custodians (the requests use the disjunctive "or," yet the brief references three custodians), for broad topics. Gathering that information—much less reviewing and processing it for production—in six working days is unrealistic. Topic (1), on its face, appears to call for significant privileged material. And Topic (2), which calls for all communications between those individuals and the University of Wyoming, has no limits in subject-matter, much less any explanation for its relevance. Likewise, per Plaintiff's proposed order, Defendants would have no opportunity to serve objections under Rule 34. Plaintiff, moreover, failed to identify the subject or topic of these expansive requests for production during the meet-and-confer process, thus preventing Defendants from meaningfully conferring on their scope. Because Plaintiff did not inform Defendants of the content of its discovery requests until

the Motion was filed at 8:45 p.m. on a Friday of a holiday weekend for many, Defendants (whose counsel of record will be on pre-scheduled leave) are unable to even *begin* discussing the requests with the Defendant Agencies until Monday—additional, significant time lost.

## CONCLUSION

Granting Defendants the ordinary amount of time to respond to a motion in this District will ensure they can prepare thorough and comprehensive responses. This will benefit both the parties and the Court. No hearing has been set on Plaintiff's Motion for Preliminary Injunction, and the requested extension will not affect Defendants' current May 18, 2026, deadline to respond to the Complaint, which is the only other near deadline in this action.

Defendants thus request that the Court order Defendants to respond to Plaintiff's Motions for Preliminary Injunction and for Expedited Discovery, on or before April 24, 2026 (21 days), and that the Court order Plaintiff to reply on or before May 8, 2026 (14 days). Any hearing may be timely set thereafter. In the meantime, Defendants respectfully request that the Court stay Plaintiff's requested discovery.


Dated: April 3, 2026                    Respectfully Submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        JOSEPH E. BORSON
                                        Assistant Director
                                        Civil Division
                                        Federal Programs Branch

                                        /s/ *Marianne F. Kies*
                                        MARIANNE F. KIES
                                        ALEX SEVERANCE
                                        Trial Attorneys

6

U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Pursuant to D.C.COLO.LCivR 6.1(c), I certify that a copy of the foregoing motion will be served on agency counsel for the Agency Defendants in this case.

*s/ Marianne F. Kies*
Marianne F. Kies
Trial Attorney
U.S. Department of Justice