# EXHIBIT A

# Kies, Marianne F (CIV)

| | |
|---|---|
| **From:** | Bram Alden <balden@hueston.com> |
| **Sent:** | Friday, March 27, 2026 10:31 AM |
| **To:** | Kies, Marianne F (CIV) |
| **Cc:** | Borson, Joseph (CIV); Severance, Alexander J (CIV); Michael M. Purpura |
| **Subject:** | [EXTERNAL] RE: UCAR v. NSF et al., 26-cv-1061 (D. Colo.): Allegations Concerning Public Speaking Activities |

Marianne,

Thank you for your email and for NSF's willingness to engage on this issue.

As I'm sure you can appreciate, UCAR stands behind the allegations in its Complaint and disagrees with the government's characterization. The timing of each NSF letter restricting the speech of UCAR and NCAR officials was no mere coincidence: Kapua Hatch's first letter, on January 23, 2026, was issued on the same day as the Dear Colleague Letter announcing NSF's intent to restructure NCAR, and Ms. Hatch's second letter, on February 12, 2026, was issued on the same day that NSF announced its decision to transfer stewardship of the NCAR-Wyoming Supercomputing Center (NWSC) away from NCAR. Nor was either letter warranted by any predicate: UCAR and NCAR have complied scrupulously with their obligations to the government, and NSF did not suggest otherwise. An agency's "reminder" of obligations that have not been violated, delivered at the precise moment an institution is being targeted, is not a neutral administrative act. In addition, the February 12 letter went materially further than the bounds of Term and Condition 28(b). The letter stated that "UCAR and NCAR may not make any public comment on these restructuring activities." That gag order was not limited to federally funded public relations activities, was not framed as a consultation requirement, and contained no mechanism for UCAR or NCAR to seek or obtain clearance. These letters had their intended effect: UCAR's President was unable to speak openly at a public Chamber of Commerce event on February 18, 2026, and NCAR's Director understood his speech to be restricted. Thereafter, NSF directed UCAR to decline a routine media visit request from The New York Times without any explanation.

All that said, we certainly appreciate NSF's acknowledgment that a gag order would be improper, and we are glad to work constructively to obviate the need for emergency relief regarding UCAR's claims related to First Amendment freedoms. Your suggestion of a formal letter from NSF makes good sense. Consistent with your email, we would ask that such a letter state unequivocally that there are no restrictions on the speech or expression of UCAR or NCAR officials beyond (a) the specific consultation and notification obligations of Term and Condition 28(b) of NSF's standard Cooperative Agreement Financial & Administrative Terms and Conditions and (b) the lobbying restrictions set forth in generally applicable federal laws.

We share your willingness to continue this productive dialogue. To that end, we intend to file a motion next week seeking a preliminary injunction to prevent any further implementation of NSF's decision to divest UCAR or NCAR of any of their rights or responsibilities with respect to the NWSC. We will also ask that the Court authorize limited discovery in support of that motion and set a briefing schedule whereby Defendants have three weeks to file their response, UCAR then has one week to file its reply, and a hearing is set for one week after that. I'd be happy to get on a call to discuss if you think we can reach a

resolution that would also obviate the need for that preliminary injunction motion.  My schedule on Monday is flexible after 9:30 a.m. Pacific.

Thank you again.

Bram

**Bram Alden**

## HUESTON HENNIGAN LLP

D: 213-788-4215
balden@hueston.com
Biography

**From:** Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>
**Sent:** Thursday, March 26, 2026 2:43 PM
**To:** Bram Alden <balden@hueston.com>
**Cc:** Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov>; Severance, Alexander J (CIV) <Alexander.J.Severance@usdoj.gov>; Kies, Marianne F (CIV) <Marianne.F.Kies@usdoj.gov>
**Subject:** UCAR v. NSF et al., 26-cv-1061 (D. Colo.): Allegations Concerning Public Speaking Activities

Dear Bram:

The National Science Foundation ("NSF") appreciates the opportunity to clarify the scope and intent of its recent correspondence to the University Corporation for Atmospheric Research ("UCAR") regarding public speaking activities, and hopes the following points will help resolve any ongoing misunderstanding.

As background, on January 23, 2026, NSF Awards Officer Kapual Hatch sent a letter to NCAR Director Dr. Everette Joseph and Ms. Thao Tsuda reminding UCAR of its obligations as a Federally Funded Research and Development Center ("FFRDC"). That letter addressed longstanding Award Term and Condition 28(b) of the Cooperative Agreement between NSF and UCAR, which requires UCAR to (1) consult with the cognizant NSF Program Officer or designee prior to any significant public relations activities (or events of any substantive inquiries from the media or Congress), including providing advance copies of any news or press releases; and relatedly (2) provide timely notification to the cognizant NSF Program Officer or designee of such inquiries. The letter also noted UCAR's obligations under 31 U.S.C. § 1352 and 2 C.F.R. § 200.450(b), which address the use of federal funds in connection with federal awards. On February 12, 2026, Ms. Hatch sent a follow-up letter to Dr. Joseph noting that public statements related to UCAR's planned restructuring effort would be subject to Condition 28(b).

To be clear, Standard Condition 28(b), to which the January and February 2026 letters referred, is not a "gag order" that would prohibit UCAR's leadership or employees from making statements about a particular matter. Rather, it is designed to facilitate transparency and communication between UCAR and NSF by requiring advance notice and consultation before certain significant public events. The Condition does not place—and should not be understood to place—a substantive veto by NSF on the statements that UCAR can make. The scope of Condition 28(b) is limited in an additional key respect: it applies only to public relations activities that are federally funded by NSF under the award to UCAR. If UCAR wishes to engage in public advocacy or lobbying, it is free to do so using its own private funds. Finally, the coordination requirements reflected in Condition 28(b) are neither unique nor new. Compliance with Condition 28(b) for all awardees, including UCAR, is taken very seriously by NSF. Breaches of Condition 28(b) for other cooperative agreements have resulted in the issuance of a notice of material non-compliance and the requirement to implement corrective actions.

2

In sum, NSF has a legitimate interest in being kept informed of significant developments affecting the FFRDC it funds, and the advance consultation requirement of Condition 28(b) is the agreed-upon mechanism for ensuring that coordination occurs. NSF agrees that a "gag order" would likely be improper, and no such "gag order" has been imposed here. Again, UCAR is free to issue whatever statements it likes using its own funds, and it can issue its own statements using federal funds so long as those comport with the notification requirements in Condition 28(b) and the lobbying restrictions set forth in generally applicable federal statutes and regulations.

I hope this background clarified the intent behind the letters and effect NSF sent to UCAR. To the extent you would request a formal follow-up letter from NSF to confirm the above, we can facilitate that. Moreover, in our view this clarification would obviate any need for emergency relief regarding your claims about this communication. If you have further concerns, we are happy to discuss. We look forward to continuing this dialogue with you should you have any further questions.

Sincerely,
Marianne

**Marianne F. Kies**
Trial Attorney
Federal Programs Branch
Civil Division, U.S. Department of Justice
T: 202-353-1819

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.