**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-01061-RBJ

UNIVERSITY CORPORATION FOR ATMOSPHERIC RESEARCH,

     Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION, *et al.*,

     Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SET DEFAULT SCHEDULE TO BRIEF PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED DISCOVERY (ECF 18, 19)**

---

Defendants submit the following response to Plaintiff's opposition (Pl.'s Opp'n), ECF No. 22, to Defendants' motion to set the default briefing schedule for responding to Plaintiff's motions for preliminary injunction and for expedited discovery.[1]

1. **Plaintiff's Schedule for Briefing its Motion for Preliminary Injunction is Improper.**

Plaintiffs identify three bases for why these motions purportedly require expedition. *See* Opp'n at 2. None justify the schedule Plaintiff proposes.

---

[1] Undersigned counsel is Ms. Kies and Mr. Severance's supervisor on this matter. As his out-of-office had made clear to counsel for the plaintiffs when they sent emails last week to Ms. Kies on which undersigned counsel was copied, he is (and has long been planned to be) out of the office last week and today on personal leave. *Contra* Pl.'s Opp'n at 8-9.

First, Plaintiff says that Defendants "rebuffed UCAR's proposal to pause NWSC transfer activities pending resolution of UCAR's preliminary injunction motion." *Id.* But the fact that Defendants would not agree to voluntarily agree to what is effective an indefinite temporary restraining order does not itself justify the schedule Plaintiff proposes.

Second, Plaintiff states that "NSF contacted UCAR to renew Defendants' request that UCAR provide confidential information regarding NWSC" on April 1. Opp'n at 5. But this email referred to sending a single document from NCAR to the University of Wyoming—and more specifically, to discuss a confidentiality agreement that NCAR itself proposed, such that the document could be shared. There was no deadline imposed, nor was there an indication of urgency in the document. *See* ECF No. 22-4. But in any event, Plaintiff does not explain how beginning the process of sharing *this* document—the apparent basis for their expedition motion—justifies such imminent harm as to require such an accelerated schedule. Indeed, their preliminary injunction motion is silent as to any purported harm from information sharing. *See* ECF No. 18 at 11-14.

Third, Plaintiff assert that the President submitted his Fiscal Year 2027 budget request to Congress, requesting a 40% cut to NCAR. *See* Opp'n at 2. A non-binding *proposal* by the President to Congress, that would only take effect in October 2027, even if it is accepted by the Congress and signed by the President in its current form, cannot justify emergency injunctive relief—let alone the accelerated schedule.

### 2.    Plaintiff's Proposal for Expedited Discovery is Improper on its Face.

First, Plaintiff's justification for discovery is internally contradictory.  It says that it does not need this evidence to "meet its burden of proof," Opp'n at 10, and yet that it would be "unusually difficult or impossible" to present a complete record at this stage, *id.*  To put it bluntly, either it has the evidence to justify a preliminary injunction or it does not.

Second, Plaintiff's proposed discovery is unduly burdensome (and, indeed, apparently still evolving).  They now seek custodial searches from three custodians, *see* Opp'n at 10, despite the fact that their requests themselves use the disjunctive "or" to seek information from "Kapua Hatch, Steven E. Ellis, *or* Carrie E. Black." ECF No. 19, at 2 (emphasis added).  And Plaintiff now offers that it willing to "stipulate" to certain search terms, and (apparently) have the custodians search their own records.  Opp'n at 10.  But because Plaintiff did not indicate the substance of their request until well after business hours for the relevant custodians (and on Good Friday), Defendants cannot even begin the process of starting test searches to judge volume until today. Plaintiff's ten-day request for *full production*—itself three times faster than the time to serve objections under Rule 34—provides less than eight days. Plaintiff's attempt to sidestep Rule 34's process for resolving discovery disputes, while instead trying to negotiate requests through court filings, is neither consistent with the applicable rules nor likely to lead to an efficient outcome.

Third, Plaintiff's assertion that this information is relevant because "UCAR merely seeks early access to portions of that [administrative] record," Opp'n at 11, is wrong. The administrative record contains "all documents and materials directly or indirectly considered" by the relevant agency decisionmaker. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Plaintiff's two requests are overinclusive of that standard. Its first request, for documents "concerning the decision," by three custodians (none of whom are alleged to be the decisionmaker) would likely include materials that are not part of the administrative record. (That would include privileged and administrative materials relating to the decision that were not directly or indirectly considered by the decisionmaker.) Nor is it clear that these three custodians would have the key documents that would ultimately be part of the administrative record. And the second request—for communications between those custodians and the University of Wyoming, regardless of scope, or even connection with UCAR, provides no basis for concluding that all (or most, or even some) of these documents will necessarily be part of the administrative record.

"Consistent with the deference owed an agency under [5 U.S.C.] § 706, [the court] assumes that the agency properly designated its record absent clear evidence to the contrary." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010). Plaintiff's attempt to use accelerated custodian searches to find documents that *might* ultimately be part of the administrative record puts the cart before the horse. And while Plaintiff asserts that privileged documents must

nonetheless be part of the administrative record under various exceptions, *see* Opp'n at 11 n.3, they cannot simply assert in a footnote that which is their burden to establish. *See Ctr. for Native Ecosystems*, 711 F. Supp. 2d at 1275 (noting plaintiff's significant burden to establish an administrative record is incomplete).

Dated: April 6, 2026

> BRETT A. SHUMATE
> Assistant Attorney General
>
> /s/ *Joseph E. Borson*
> JOSEPH E. BORSON
> Assistant Director
> Civil Division
> Federal Programs Branch
>
> MARIANNE F. KIES
> ALEX SEVERANCE
> Trial Attorneys
> U.S. Department of Justice
> Civil Division
> Federal Programs Branch
> 1100 L Street, NW
> Washington, D.C. 20005
> (202) 514-1944
> Joseph.Borson@usdoj.gov
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Pursuant to D.C.COLO.LCivR 6.1(c), I certify that a copy of the foregoing motion will be served on agency counsel for the Agency Defendants in this case.

> s/ *Joseph E. Borson*
> Joseph E. Borson
> U.S. Department of Justice