**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-CV-01061-RBJ

UNIVERSITY CORPORATION FOR ATMOSPHERIC RESEARCH,

     Plaintiff,

v.

NATIONAL SCIENCE FOUNDATION;
BRIAN STONE, in his official capacity as Acting Director of the National Science Foundation;
NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION;
NEIL JACOBS, in his official capacities as Under Secretary of Commerce for Oceans and Atmosphere and Administrator of the National Oceanic and Atmospheric Administration;
UNITED STATES DEPARTMENT OF COMMERCE;
HOWARD LUTNICK, in his official capacity as Secretary of Commerce;
UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, and
RUSSELL VOUGHT, in his official capacity as Director of the United States Office of Management and Budget,

     Defendants.

---

**THE UNIVERSITY OF WYOMING'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

---

COMES NOW, The University of Wyoming, by and through undersigned counsel and hereby submits this Motion for leave to File *Amicus Curiae* Brief. Pursuant to Local Rule 7.1(d), The University of Wyoming is filing its Motion for Leave to file *Amicus Curiae* Brief ("Motion") and the Proposed Brief as separate documents. *See also Sgaggio v. Young*, 2022 WL 970008 at 3 (D. Colo. March 31, 2022); FED. R. APP. P. 29(a)(3). The University of Wyoming conferred with the other parties pursuant to Local Rule 7.1(a) and is advised that UCAR opposes because (1) the proposed filing date on the same day as UCAR's reply brief would afford UCAR no opportunity to respond, and (2) UCAR has received no explanation as to how the proposed amicus brief would

be both 'desirable' and 'relevant to the disposition' of UCAR's preliminary injunction motion, see Fed. R. App. P. 29(a)(3)(B). Defendants consent to the filing. The University of Wyoming requests this Court enter an order granting it leave to file the brief attached hereto as Exhibit A.

## BACKGROUND

On March 16, 2026, University Corporation for Atmospheric Research ("UCAR" or "Plaintiff") filed its Complaint against the National Science Foundation ("NSF"), the National Oceanic and Atmospheric Administration ("NOAA"), the United States Department of Commerce, the United States Office of Management and Budget, Brian Stone, Neil Jaobs, Howard Lutnick, and Russell Vought all in their official capacities. ECF No. 1. The Complaint seeks injunctive and declaratory relief concerning Defendants' alleged adverse actions relating to UCAR's management of the National Center for Atmospheric Research ("NCAR"). *Id.*

On April 3, 2026, UCAR filed its Motion for Preliminary Injunction to stop Defendants from taking steps to divest UCAR or NCAR of their stewardship, maintenance, or operations responsibilities with respect to the NCAR-Wyoming Supercomputing Center ("NWSC"). ECF No. 18. That same day, UCAR filed a Motion for Expedited Briefing Schedule and Limited Discovery in Support of Preliminary Injunction. ECF No. 19. On April 6, 2026, this Court entered a Minute Order (ECF No. 25) providing the schedule concerning the Preliminary Injunction. Defendants filed their opposition on April 2, 2026, and Plaintiff has a pending reply deadline of April 30, 2026, and a hearing has been set for May 7, 2026 at 9:00 AM. Through this Motion, The University of Wyoming seeks to file a brief as *Amicus Curiae* brief supporting NSF's opposition to the imposition of a preliminary injunction in this matter.

## ARGUMENT

A. *This Motion is Timely*

There is no pertinent rule of civil procedure that governs *amicus* participation in federal district courts, but this District has previously utilized Federal Rule of Appellate Procedure 29 for guidance. *Young*, 2022 WL 970008 at 3. Under Federal Rule of Appellate Procedure 29(a)(6), an *amicus* brief and accompanying motion must be filed no later than 7 days after the principal brief of the party being supported is filed. The University of Wyoming's Proposed Brief supports Defendants' response brief. Defendants' responsive briefing was filed on April 23, 2026, and this Motion and Proposed Brief are thus filed within seven days of the brief being supported. Likewise, this Motion is filed before Plaintiff's reply briefing is due and before the Court's scheduled hearing, which provides the Court the ability to review The University of Wyoming's Proposed Brief and provides Plaintiff the ability to respond through a reply brief and during the hearing. As such, the Proposed Brief and Motion are timely.

B.  *The University of Wyoming is Entitled to File an Amicus Brief*

"Historically *amicus curiae* is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done." *Sec. & Exch. Comm'n v. Cetera Advisors LLC*, No. 19-CV-02461-MEH, 2020 WL 13470960, at *2 (D. Colo. Aug. 25, 2020). "[T]oday *amicus* briefs often support a particular party." *Young,* 2022 WL 970008 at 5. *Amici* do not have to be totally disinterested and courts in this District have evaluated the issue based on a bright line test centered around whether the named parties remain in control with the *amicus* merely responding to the issues presented by the parties. *Cetera Advisors LLC,* 2020 WL 13470960 at 2. Indeed, under Rule 29, an "entity may participate as *amicus curiae* if it has an interest in the case, the matters it seeks to address are relevant, and its participation is desirable." *Young,* 2022 WL 970008 at 3.

This Court has broad discretion to allow participation of *amicus curiae*. *Medina v. Cath. Health Initiatives*, No. 1:13-CV-01249-REB-KLM, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015). However, "it is preferable to err on the side of granting leave." *Neonatology Associates, P.A. v. C.I.R.,* 293 F.3d 128, 133 (3d Cir. 2002). An *amicus* brief should be allowed when a party is not represented at all or when the *amicus* has unique information or perspective that can help the court. *Medina,* 2015 WL 13683647 at 1. This District has previously considered the following factors in addressing requests to file *amicus* briefs:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Id*.

Based on the factors identified in *Medina*, the Court should grant leave for The University of Wyoming to file its Proposed Brief. First, as discussed at length in the Proposed Brief, The University of Wyoming has an interest in the Motion for Preliminary Injunction because it is a third party that has vested interests in the NWSC, significant allocations for the use of the NWSC, and its interests are impacted by any proposed injunctive relief. Plaintiff is currently trying to preliminarily enjoin Defendants from taking steps to divest it of operations and responsibilities over the NWSC. Plaintiff will have time to address any matters raised through The University of Wyoming's briefing at the hearing or through briefing. Control of the litigation will remain in the named parties, as The University of Wyoming will merely provide context and analysis in opposition to entry of a preliminary injunction relating to the NWSC. The University of Wyoming does not seek intervenor status, nor does The University of Wyoming ask for leave to attend, present evidence, or argue at the May 7 hearing.

An *amicus* brief is desirable here because it will be limited to addressing the preliminary injunction issues and provide context of the important interests of The University of Wyoming. Further, the Proposed Brief can inform the Court as to downstream equities and policy concerns to be considered in evaluating the preliminary injunction requested in this case. The brief will address the equitable and harm issues that Plaintiff has raised in its request for preliminary injunction from the perspective of an interested entity that has rights and clear interests in the NWSC. No current party represents the unique interests of The University of Wyoming in this regard and no party has informed the Court of the University's vested interests which could be impacted by an injunction. Further, NWSC is located in Wyoming, while none of the current parties are located there or share this local perspective. The University of Wyoming offers insight from the perspective of an entity that is particularly familiar with Wyoming given that it is the state's only public four-year university.

The matters asserted in the Proposed Brief are relevant to the disposition of the preliminary injunction because if the Court were to issue an injunction, it would impact The University of Wyoming's interests and potential future changes to UCAR's and the University's roles relative to the NWSC. The information in the Proposed Brief is thus useful to the Court because in fully contextualizing the equities and interests at issue. Accordingly, this Court should grant The University of Wyoming leave to file the *amicus* brief. *See New Mexico Oncology and Hematology Consultants, Ltd. v. Presbyterian Healthcare Services*, 994 F.3d 1166, 1175-76 (10th Cir. 2021) (granting leave to file as *amicus* curiae where *amici* had an interest in the proceeding and briefed matters relevant to the disposition of the case).

**CONCLUSION**

The University of Wyoming is interested in the preliminary injunction proceedings as an entity who has vested contractual and equitable rights in the NWSC and significant ties with Plaintiff and Defendants relating to the NWSC. Plaintiff's preliminary injunction would impact the exercise of those rights, could prejudice the University, and may actually exacerbate the harms that the injunction is purported to avoid. An *amicus* brief is both desirable and provides information relevant to the preliminary injunction because of The University of Wyoming's unique perspective and limited presentation on the issues regarding its interests in the NWSC.

WHEREFORE, The University of Wyoming requests this Court enter an order granting it leave to file an *amicus* brief and accept the Proposed Brief attached hereto as Exhibit A for filing and consideration related to Plaintiff's Motion for Preliminary Injunction.

**DATED** this 29th day of April, 2026.


*AMICUS CURIAE*, THE UNIVERSITY OF WYOMING


By: */s/ Lucas Buckley*
    Lucas Buckley, #38651
    Kari Hartman, #56071
    HATHAWAY & KUNZ, LLP
    2515 Warren Ave., Suite 500
    Cheyenne, WY  82001
    (307) 634-7723
    (307) 634-0985 (fax)
    lbuckley@hkwyolaw.com
    khartman@hkwyolaw.com


ATTORNEYS FOR THE UNIVERSITY OF WYOMING

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 29th day of April 2026, a true and correct copy of the foregoing document was filed via this Court's CM/ECF filing system and served on all counsel of record.

/s/ Candice Hough
Hathaway & Kunz, LLP